

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00337-CR

**JOSE MANUEL NIETO, SR.,**

                                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                          **Appellee**


**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 30,164**


## MEMORANDUM OPINION


Jose Manuel Nieto, Sr. pled guilty to and was convicted of possession of a deadly weapon in a penal institution. *See* TEX. PENAL CODE § 46.10. He was sentenced to three years in prison. Sentence was imposed in open Court on October 27, 2021.

After the time to file a notice of appeal had passed, Nieto informed his counsel that Nieto wished to appeal. Pursuant to Rule 26.3 of the Texas Rules of Appellate Procedure

and *Garza v. Idaho*, ___ U.S. ___, 139 S. Ct. 738, 744, 746, 203 L. Ed. 2d 77 (2019),[1] counsel filed a notice of appeal in the trial court and a motion for extension of time to file a notice of appeal with this Court within 15 days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. We grant the motion for extension of time to file the notice of appeal to the date it was filed, that being December 8, 2021. Accordingly, Nieto's notice of appeal is timely.

However, according to the trial court's judgment and the certification of right of appeal, Nieto pled guilty pursuant to a plea bargain and had no right of appeal. Further, the trial court expressly denied in writing Nieto's request for permission to appeal. Because the trial court's certificate of right of appeal that Nieto signed indicates Nieto has no right to appeal and because the trial court has specifically refused to give Nieto permission to appeal, this appeal must be dismissed. *See* TEX. R. APP. P. 25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules."); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (plea bargain). *See also* TEX. R. APP. P. 25.2(a)(2)(B) ("In a plea bargain case…a defendant may appeal only: (B) after getting the trial court's permission to appeal[.]").

Notwithstanding that we are dismissing this appeal, Nieto may file a motion for rehearing with this Court within fifteen days after the opinion and judgment of this Court

---

[1] Noting that, in an ineffective assistance of counsel case, a defendant has "ultimate authority" to decide whether to appeal and holding that courts presume prejudice when counsel's deficient performance deprives defendant of appeal that he otherwise would have taken "even when the defendant has signed an appeal waiver."

are rendered. *See* TEX. R. APP. P. 49.1. If Nieto desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within thirty days after either the day this Court's judgment is rendered or the day the last timely motion for rehearing is overruled by this Court. *See id.* at 68.2(a).

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Motion granted
Appeal dismissed
Opinion delivered and filed December 22, 2021
Do not publish
[CR25]

